## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FADWA CHARNETSKI<br>2045 16th Avenue<br>Kenosha, WI 53140 | : : : : | CIVIL ACTION COMPLAINT |
| Plaintiff, | : | No. _____ |
| v. | : : | |
| ATLANTIC AUTOMOTIVE CORP. t/d/b/a<br>MILE ONE AUTOMOTIVE<br>23 Walker Avenue<br>Baltimore, MD 21208 | : : : : : | |
| and | : : | |
| MOTOR WORLD GROUP<br>150 Motorworld Drive<br>Wilkes-Barre, PA 18702 | : : : : : | |
| Defendants. | : : | |

## CIVIL ACTION COMPLAINT

The Plaintiff, Fadwa Charnetski, by and through her undersigned counsel, files this Civil Action Complaint, and hereby avers as follows:

### I. Introduction

1. The Plaintiff initiates this action to seek redress against the Defendants, her former employers, for unlawful race discrimination, gender discrimination, national origin discrimination and religious discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 1981 and other applicable law.

### II. The Parties

2. Plaintiff, Fadwa Charnetski, is an adult individual currently residing at the above address.

3. Defendant Atlantic Automotive Corp., t/d/b/a Mile One Automotive, is a corporation with a principal place of business at the above address.

4. Defendant Motor World Group, is a corporation with a place of principal place of business at the above address.

5. At all times relevant hereto, the Defendants acted by and through their agents, servants, and employees, each of whom, at all times relevant, acted within the scope of his or her job duties.

6. The Defendants are "employers" within the meaning of Title VII because they are engaged in an industry affecting interstate commerce and because it maintain or maintained fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

### III. Jurisdiction and Venue

7. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

8. The Court may properly maintain personal jurisdiction over the Defendants because the Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over the Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

9. The United States District Court for the Middle District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

10. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

11. Venue is properly laid in the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendants are located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (the Plaintiff was employed in the Middle District of Pennsylvania at the time of the unlawful actions set forth herein).

## IV.  Procedural and Administrative Remedies

12. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

13. The Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII as follows:

   a. On or about November 16, 2009, the Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging race, gender and religious discrimination and national origin discrimination (No. 530-2010-00642);

   b. The EEOC issued a Notice of Right to Sue on the foregoing charge on or about July 1, 2010; and

   c. The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Notice.

14. The Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## V.  Factual Background

15. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

16. Plaintiff is a female.

17. Plaintiff is Muslim.

3

18. Plaintiff is from Kuwait.

19. Plaintiff worked as a sales consultant for Defendant from September 2005 until November 3, 2009.

20. Plaintiff speaks with an accent, but this never prevented Plaintiff from being one of the top sales persons for Defendants.

21. Plaintiff was also the only female sales consultant for Defendants out of some 14 other sales consultants.

22. Plaintiff made complaints of harassment because of her ethnicity, national origin and gender.

23. Plaintiff was called a "camel jockey".

24. Plaintiff was told that all of the Middle East had to be "nuked".

25. Plaintiff received documents on her desk which associated her with the Taliban (attached hereto as Exhibit "A").

26. Plaintiff received a "Bitch of the Year" certificate (attached hereto as Exhibit "B").

27. Plaintiff wrote out an Arabic prayer on the top of her time sheets regularly, which was often crossed out by co-employees.

28. Plaintiff made complaints to her supervisor, Bill Smith, regarding the discrimination and harassment she was suffering.

29. Smith took no action to address Plaintiff's complaints and advised Plaintiff that her co-workers were just joking with her and that she should ignore them.

30. On or about November 3, 2009, Plaintiff was terminated pursuant to a false "accusation" that she called a customer a "stupid American".

31. There was no investigation conducted regarding this matter and Plaintiff was terminated without any warning and without Defendants ever asking Plaintiff the true facts and circumstances of the incident.

## Count I
## Title VII Discrimination

32. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

33. The foregoing actions by the Defendants constitute unlawful discrimination against the Plaintiff on the basis of her race, gender, national origin (Kuwaiti) and religion (Muslim).

34. The foregoing conduct by the Defendants constitutes unlawful discrimination against the Plaintiff on the basis of her gender.

35. In acting as aforesaid, the Defendants subjected the Plaintiff to disparate treatment on the basis of her race, gender, national origin (Kuwaiti) and religion (Muslim).

36. In acting as aforesaid, the Defendants subjected the Plaintiff to negative treatment to which similarly-situated non-Muslim, non-female, non-Kuwaiti employees were not subjected, and/or treated similarly-situated employees who were not in her protected class in a more favorable manner.

37. The Defendants, by and through their agents, subjected the Plaintiff to adverse employment actions (including termination of employment) as a result of her race, gender, national origin (Kuwaiti) and religion (Muslim).

38. As a result of the Defendants' unlawful discrimination as aforesaid, the Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, the Plaintiff seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra.*

## Count II
## Title VII – Hostile Work Environment

39. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

5

40. The Defendants, through their agents, servants, and employees created a hostile environment for Plaintiff in general by subjecting the Plaintiff to harmful and offensive comments about her race and national origin.

41. The conduct of the Defendants amounts to discrimination in the terms, conditions, and privileges of the Plaintiff's employment, in violation of Title VII of the Civil Rights Act of 1964, as amended.

42. As a direct and proximate result of the Defendants' failure to address its employees' racial discrimination despite having actual notice of same and its other discrimination as aforesaid, the Plaintiff has suffered significant emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, other non-pecuniary losses and other damages.

**WHEREFORE**, the Plaintiff seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## Count III
## Violations of 42 U.S.C. § 1981

43. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if set forth at length.

44. At all times relevant herein, the Plaintiff maintained or sought to maintain a contractual relationship with the Defendants (*i.e.,* an employment relationship).

45. At all times relevant herein, the Defendants acted by and through their agents, servants, and employees, to intentionally discriminate against the Plaintiff as a result of her race and thereby deny her the benefits of the contractual relationship she had entered with the Defendants.

46. The Plaintiff has suffered damages as a direct result of the Defendants' unlawful actions as aforesaid.

6

***WHEREFORE***, the Plaintiff seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

***WHEREFORE***, the Plaintiff prays that the Court enter judgment in her favor and against the Defendants and that it enter an Order as follows:

a. The Defendants are to be permanently enjoined from discriminating or retaliating against the Plaintiff on the basis of her race, gender, religion and national origin and/or any basis prohibited under applicable federal and state law;

b. The Defendants are to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating or retaliating against employees based on their race, gender, religion and national origin and is to be ordered to promulgate an effective policy against such discrimination and retaliation and to adhere thereto;

c. The Defendants are to compensate the Plaintiff, reimburse the Plaintiff, and to make the Plaintiff whole for any and all pay and benefits the Plaintiff would have received had it not been for the Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority. The Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination and/or retaliation at the hands of the Defendants until the date of verdict;

d. The Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to her by the Defendants' actions;

e. The Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

f. The Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

g. Any verdict in favor of the Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law;

h. The Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure the Defendants do not engage – or cease engaging – in illegal retaliation against the Plaintiff or other witnesses to this action; and

i. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

Respectfully submitted,

TIMOTHY M. KOLMAN AND ASSOCIATES

By: /s/ Wayne A. Ely, Esquire
Wayne A. Ely, Esquire
Attorneys for Plaintiff
414 Hulmeville Avenue
Penndel, PA 19047
(215) 750-3134

September 29, 2010